CORDOVAN ASSOCIATES, INCORPO-
RATED, Appellant,

v.

DAYTON RUBBER COMPANY,
Appellee.

No. 14029.

United States Court of Appeals
Sixth Circuit.

June 6, 1960.

Harshman, Young, Colvin & Alexander, Dayton, Ohio, and Morton Honeyman, Roanoke, Va., Robert F. Young, Dayton, Ohio, of counsel, for appellant.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, William G. Pickrel, Dayton, Ohio, of counsel, for appellee.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

MARTIN, Circuit Judge.

The Dayton Rubber Company, a manufacturer of automobile tires and tubes, brought this action for a declaratory judgment, interpreting the pricing clause of a contract between that company and Cordovan Associates, Incorporated, one of the two automotive retail chain stores to which its manufactured tires and tubes were sold. The contract prices to be paid for tires, purchased by Cordovan Associates from Dayton Rubber Company, were to be "prices prevailing on

date of shipment." A separate contract with White Stores, Inc., the other automotive retail chain store to which Dayton Rubber Company sold its tires, contained an identical pricing clause.

The defendant-appellant, Cordovan Associates, Incorporated, appeals to this court from an adverse Declaratory Judgment entered by the trial judge, who found the prices charged by the rubber company to be lawful under its contract with appellant. This judgment was in consonance with the Findings of Fact, the "Conclusions of Law and Fact" and the "Comment" made by the trial judge after a non-jury trial of two weeks' duration.

From 1947 to 1956, Dayton Rubber Company, through its chain-store division, had sold tires to both White Stores and Cordovan Associates, billing them on an identical "cost justification" basis without written contract with either customer. Fluctuations in prices, which generally came about quarterly, were applied uniformly and identically to shipments going to both customers. In 1956, the appellee company executed separate contracts with White Stores and Cordovan Associates for stated terms of three and two years, respectively. The two contracts contained the same pricing clause: "prices prevailing on date of shipment." The prices charged the two customers on sales subsequent to the contracts continued to be identical for the same kind, quality and size of tires and tubes.

This equal-treatment policy continued after separate, but identical, supplemental agreements between Dayton Rubber Company and Cordovan Associates, Incorporated, and between Dayton Rubber Company and White Stores, Inc., had been entered into on February 2, 1958. In these supplemental agreements, the rubber company gave each of its two chain-store customers a scale of rebates, graduated according to the *combined* volume of tires purchased, up to a maximum of seven-and-one-half percent of the purchase price. This concession to the two customers was made in order to instill greater buying initiative; and prices to each chain-store customer continued to be computed identically thereunder until June of 1958. The concession, or modification, was within the terms of the "prices prevailing on date of shipment" provision included in each of the contracts.

Although the contract between Dayton Rubber Company and White Stores, Inc., had more than a year to run, the appellee rubber company on June 12, 1958, gave White Stores a new pricing plan, "based on cost price." This was done in order to retain the customer's business; and the plan was made retroactively effective to June 1, 1958. This cost-price plan proved to be ten percent lower to White Stores than was the old "cost justification" formula; and it was found to be "an entirely different method of pricing and was not included under paragraph 5 of the contracts."

On June 26, 1958, the appellant, Cordovan Associates, Incorporated, was offered a new contract with the same new pricing plan which had been given to White Stores. Certain conditions therein were refused by the appellant. So, until the expiration of its contract on October 31, 1958, charges were made to the Cordovan company under the "prevailing price" clause. These charges were ten percent higher than those which White Stores was required to pay during the same period. It is the contention of appellant that the "prevailing prices" clause in its contract with Dayton Rubber Company entitled it to the same prices given by appellee to White Stores under an identical pricing clause in the contract between the rubber company and White Stores; and that all parties understood the prices were to be the same to each of the two large chain-store customers.

■ Whether or not this contention is correct is the decisive question to be answered on this review. Chandler v. United States, 7 Cir., 226 F.2d 403, 405. Although the able trial judge stated in his findings of fact that "there was no provision, either oral or written, nor

were there facts from which an inference could be drawn that Cordovan prices were to be tied to White prices under all circumstances," this is actually an inference or conclusion drawn from the facts with which an appellate court, uninhibited by the "clearly erroneous" test of Rule 52, Federal Rules of Civil Procedure [28 U.S.C.A.], is free to disagree.

In the case at bar, as in Letcher County, Ky. v. DeFoe, 6 Cir., 151 F.2d 987, 990, there was "no factual controversy and no challenge to the evidentiary findings of the court." In such a situation, an appellate court "remains free to draw the ultimate inferences and conclusions which evidentiary findings reasonably induce." See also Walling v. Nashville, C. & St. L. Ry., 6 Cir., 155 F.2d 1016; Harris Stanley Coal & Land Co. v. Chesapeake & O. Ry. Co., 6 Cir., 154 F.2d 450.

■ Considering the language used in the pricing clause of the contract—"prices prevailing on date of shipment"—we think it necessary, if possible, to enforce the instrument according to the manifest meaning of the language used. The term "prevailing prices" would seem to mean prices, which, at any particular time, are charged by a seller for a certain product. We think it would be illogical to hold that a seller may charge one of its two customers a lower price than the other for the same item, when both have contracts to receive goods at "prevailing prices." There can be only one "prevailing price" at a given time; and, in the present context, it would fairly mean the *lowest* price for the commodity which the seller gives to either of his two large buyers in conformity with a contract provision for sales at "prevailing prices."

Throughout their course of dealing, it had been the uniform pricing policy of Dayton Rubber Company to bill its two chain-store customers at identical base, or net, billing prices for tires furnished. The prices fluctuated from time to time, but the fluctuations were applied "uniformly and identically as to all customers." The Board of Directors of Cordovan Associates was told of this pricing policy; and this was the system which the parties followed without deviation. Thus, in departing from this system by giving White Stores a lower price, for whatever reason, and correspondingly refusing to lower the price to Cordovan Associates, except under certain conditions, the appellee company was no longer selling to appellant at the "prevailing price" called for in the contract between them.

■ Even if the meaning of "prevailing prices" is not disclosed by the actions of the parties up to the time the contract between Dayton Rubber Company and Cordovan Associates was signed, their own practical interpretation of the pricing clause in performing the contract would carry great weight—if indeed it did not control—in its interpretation. This has been the settled rule both in this circuit and in the State of Ohio. Federal Surety Co. v. A. Bentley & Sons Co., 6 Cir., 51 F.2d 24, 78 A.L.R. 1041. See also City of Cincinnati v. Gas Light & Coke Co., 53 Ohio St. 278, 41 N.E. 239, 240, where the Ohio Supreme Court held that a contract to furnish gas at the "lowest average price at which gas shall or may be furnished to private individuals in the cities of New Orleans, Baltimore, New York, Louisville and Pittsburgh", was sufficiently clear and unambiguous to be interpreted by the court. The court added that, in case of doubt, the practical interpretation which had been placed on the contract by the parties over a long period of time should be adopted as the proper one. It was stated, however, that "to have any value as a practical construction, the course of dealing should be uniform, unquestioned and fully concurred in by both parties." Such was certainly the situation with respect to Dayton Rubber Company and Cordovan Associates, Incorporated.

For the foregoing reasons, the Declaratory Judgment entered in the United States District Court is reversed. The case is remanded for entry of judgment in accordance with this opinion.